IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARVELL G. WHISBY,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil No. **07-609-WDS** |
| **UNITED STATES ATTORNEY GENERAL,** **and W.A. SHERROD**, | ) ) ) | |
| Respondents. | ) ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Marvell G. Whisby is an inmate in the custody of the Bureau of Prisons. Through counsel, he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Respondents filed a return at **Doc. 12.** Petitioner filed a motion for summary judgement at **Doc. 13**, which respondents answered at **Doc. 15.**

Now before the court are petitioner's motion for summary judgment **(Doc. 13)**, as well as his petition for habeas relief **(Doc. 4)**.

Petitioner pled guilty in the Northern District of Iowa to a charge of distribution of cocaine base within 1000 feet of a public school. On April 10, 2000, U.S. District Judge Michael J. Melloy sentenced him to 84 months imprisonment; said sentence to commence on July 1, 2003, and to run concurrent to an Illinois state sentence he was then serving. **(Doc. 14, Ex. 2, Judgment,** *U.S. v. Whisby***, 99-CR-0046).** Whisby is currently incarcerated at FCI-Greenville. He takes issue with how the Bureau of Prisons has computed his sentence in that he

contends that he should be given "jail credit" for 146 days spent in federal custody prior to his sentencing.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

Even in the absence of a dispute as to the material facts, the moving party must demonstrate that it is entitled to judgment as a matter of law. "Thus, even where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.' [internal citations omitted]" ***Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).**

## Analysis

The Attorney General, acting through the Bureau of Prisons, calculates the sentence "as an administrative matter when imprisoning the defendant." ***United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992).** The calculation, i.e., the execution, of the sentence can be challenged in a 2241 petition. **See, *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000).** Here, however,

Whisby is not actually challenging the BOP's calculations. Rather, he seeks a change in the sentence that was imposed by the court. In other words, he is challenging not the execution of his sentence, but the imposition thereof.

The federal drug crime for which Whisby is now imprisoned occurred in Iowa in March, 1997. **See, Doc. 14, Ex. 1, p. 6**. In December of 1998, before he was even indicted on the federal charge, he was convicted in Illinois state court of two counts of attempted murder and was sentenced to ten years on each count, to run consecutively. **Ex. 1, p.4**. At sentencing, Judge Melloy noted that the federal drug crime and the Illinois state crimes were separate and unrelated. **Ex. 1, p. 14.**

Petitioner was serving his Illinois sentence at the time he was indicted on the federal charge in June of 1999. **Ex. 1, p. 7**. Respondents agree that petitioner spent 146 days in federal custody prior to his federal sentencing. **See, Doc. 15, p. 2.**

The BOP has informed petitioner that the 146 days cannot be credited by the BOP towards his federal sentence because that time was credited to his sentence on the state court conviction. **See, Doc. 14, Ex. 4**. The BOP is unable to grant him the credit he seeks because 18 U.S.C. §3585(b) states that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." **See,** *U.S. v. Ross*, **219 F.3d 592, 594 (7th Cir. 2000)**. Whisby does not dispute that he did, in fact, receive credit for the 146 days on his Illinois state sentence.

Respondents are correct in their position that 18 U.S.C. §3585(b) prohibits the BOP from crediting the 146 days to his federal sentence. Petitioner's only argument to the contrary is that he does not get any benefit from crediting the 146 days to the state sentence only, because "his release date remains unaffected." **See, Doc. 14, p. 10.** In support, he cites *Kayfez v. Gasele*, **993**

**F.2d 1288 (7th Cir.1993),** which does not help him at all. *Kayfez* concerned credit for *state presentence custody*, referred to as "*Willis* time," after *Willis v. U.S.*, **438 F.2d 923 (5th Cir. 1971)**. *Kayfez* has no application at all here, because the 146 days at issue were not spent in state presentence custody. Whisby was already serving his state sentence during the 146 days, and those days were credited toward his state sentence. 18 U.S.C. §3585(b) prohibits respondents from also crediting those days to his federal sentence.

Petitioner's real point is that the sentencing court erred in failing to adjust his sentence to account for the 146 days he spent in federal custody before sentence was imposed, in accordance with U.S.S.G. §5G1.3. **Doc. 14, pp. 5-9.**

At the sentencing hearing, Judge Melloy determined that petitioner's guideline range was 78 to 97 months. **Ex. 1, p. 3.** In response to the judge's question, petitioner's attorney informed the court that the earliest date on which Whisby could get out of state custody was June, 2007. **Ex. 1, pp. 405.** (As it turned out, petitioner was released from state custody into federal custody on December 15, 2006. **Doc. 14, p.3**.) The judge stated that it was his intention that Whisby serve two additional years beyond "what would be his earliest release date." **Ex. 1, p. 14.** The judge took a recess to determine how to craft the judgment. When the hearing resumed, he sentenced Whisby to 84 months, to run concurrent with the Illinois state sentence, with the federal sentence to begin to run on July 1, 2003. **Ex. 1, p. 15.**

Judge Melloy also stated at the hearing that he "recommend[ed] that he receive credit for any time served in Federal custody," and noted that the net effect would be that he would probably have about four months of credit. **Ex. 1, p.19-20.** The sentence imposed, however, was for 84.

Petitioner argues that the judge had the authority to adjust his sentence downward to give

4

him credit for the 146 days. **Doc. 14, pp. 5-8.** That is not in dispute. The fact is that Judge Melloy did not so adjust the sentence. In effect, Whisby's argument is that, although Judge Melloy sentenced him to 84 months, he meant to sentence him to 84 months minus 146 days.

Whisby's claim cannot be considered here because it is not properly brought in a petition under section 2241. He is asserting that the sentencing court erred in the length of the sentence that it imposed, not that the BOP erred in its calculation of the time to be served. This claim should have been brought on direct appeal, as was done in *Ross*, *supra*, or in a section 2255 motion directed to the sentencing court. **See,** *Carnine v. U.S.*, **974 F.2d 924, 927 (7th Cir., 1992)**(where alleged error occurred at or prior to sentencing, the remedy is under section 2255, not section 2241).

Lastly, petitioner makes an "equitable" argument for reduction of his sentence based on his perception of Judge Melloy's intentions. However, the court notes that Whisby intends to file a petition for reduction of his sentence under the revised sentencing guidelines for crack cocaine offenses. **See, Doc. 16.** Any equitable arguments based on the intention of the sentencing judge would be more appropriately raised in that proceeding.

## Recommendation

This Court recommends that Marvell G. Whisby's Motion for Summary Judgment **(Doc. 13)** and Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 **(Doc. 4)** be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **March 31, 2008.**

**Submitted: March 14, 2008.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**

**U. S. MAGISTRATE JUDGE**